**IT IS ORDERED as set forth below:**



Date: September 9, 2020

_____

Paul W. Bonapfel
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| NEW HOPE HARDWARE, LLC., | ) | CASE NO: 20-40999-PWB |
| d/b/a PAULDING BUILDING SUPPLY, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

_____

**ORDER ON CONFIRMATION
OF NEW HOPE HARDWARE, LLC d/b/a PAULDING BUILDING SUPPLY, LLC
AMENDED PLAN OF REORGANIZATION**
_____

New Hope Hardware, LLC d/b/a Paulding Building Supply, LLC ("Debtor"), the debtor in this case under Subchapter 5 of Chapter 11 of the Bankruptcy Code, seeks confirmation of its First Amended Plan of Reorganization (the "Plan") [34] as a consensual plan under 11 U.S.C. § 1191(a).

1

At the confirmation hearing on September 2, 2020, the Court accepted the Debtor's Report of Balloting [47] and the proffer of Debtor's counsel concerning compliance with applicable confirmation requirements. Together with the Court's rulings at the hearing, this Order constitutes the Court's findings of fact and conclusions of law. This Order replaces the Court's confirmation order erroneously entered on September 9, 2020 [59], which the Court is vacating.

The Court at the confirmation hearing expressed its concern that the Plan provides for the Debtor to retain any claims for avoidance of transfers under various provisions of the Bankruptcy Code (§§ 502, 510, 541, 542, 543, 543, 544, 547, 548, 550, 551, and 553). At the hearing, the Debtor agreed to elimination of this provision.

Confirmation under § 1191(a) requires that a plan meet all the requirements of § 1129(a), except for (a)(15). The Court otherwise concluded that the Plan complied with all of the applicable requirements of § 1129(a) except for two provisions.

First, § 1129(a)(8) requires that all classes accept the plan or that a class not be impaired under the plan.

Second, § 1129(a)(9)(C) requires that interest must be paid on a tax claim entitled to priority under § 507(a)(8) and that full payment occur not later than five years after the date of the order for relief, unless the holder of the claim agrees to a different treatment. Section 511 provides that the rate of interest for a tax claim must be the rate under applicable nonbankruptcy law, determined as of the calendar month in which the plan is confirmed.

The Court below discusses the confirmation issues under these provisions (which do not involve consideration of any provisions of subchapter V) and the Debtor's resolution of them at the confirmation hearing such that the Plan complies with all applicable requirements of § 1129(a) and,

2

therefore, is confirmable under § 1191(a).

## CONFIRMATION ISSUES AND THEIR RESOLUTION

The Plan identifies nine classes. At the time of the filing of the Report of Balloting, the following classes had accepted the Plan: Classes 1 and 2 (secured claims of Morris Bank); Class 3 (secured claim of William Osteen, Sr.); Class 5 (assumption of executory contract for intellectual property and consignment agreement); and Class 7 (general unsecured creditors).

At the time of the hearing, therefore, the Court's docket showed that two impaired classes had not accepted the Plan: Class 4 (Paulding County ad valorem tax claim) and Class 6 (State of Georgia sales tax claim); (2) Class 8 (equity interests). The Plan thus could not meet the requirement of § 1129(a)(8) that all creditors accept the Plan or not be impaired.

Class 9 consists of two creditors with security interests in separate vehicles, one of which had not accepted the Plan. For reasons discussed below, § 1129(a) requires that each of these creditors accept the Plan or that it not be impaired.

The Plan meets all other requirements of § 1129(a) for confirmation.

At the hearing, Debtor's counsel announced modifications to the Plan to clarify and revise some of its terms in accordance with the Debtor's intent and requested that the modifications be incorporated as part of the confirmation order. Debtor's counsel reported that, based on these modifications, Class 4 (Paulding County) accepted the Plan and creditors in Classes 6 (State of Georgia) and 9 (creditors secured by motor vehicles) are not impaired. At the hearing, the holders of equity interests accepted the Plan.

Based on the changes announced at the hearing and set forth in this Order, the Court concludes that the Plan meets the requirements of § 1129(a), for reasons discussed below.

3

The clarifications and revisions to the Plan set forth below would properly be the subject of a preconfirmation modification of it. The clarifications and revisions, however, do not materially and adversely affect any of the classes that accepted the Plan, and the primary effect of the modifications is to provide that creditors in Classes 6 and 9 are not impaired. No further notice or hearing with regard to the modifications is required. In order to avoid the additional professional fees that the Debtor would incur if the Court required the Debtor to file a further preconfirmation modification, therefore, the Court will confirm the Plan as modified by the provisions of this Order.

**Class 4 – Paulding County, Georgia**

Class 4 is the claim of Paulding County, Georgia, for ad valorem taxes on real estate of the Debtor. The Plan provides for this claim to be paid without interest, and it does not expressly state that it will be paid in full within five years of the petition date. (Plan ¶ 4.4, [34] at 15). Therefore, the Plan did not comply with the requirements of 11 U.S.C. § 1129(a)(9)(c) and § 511.

Paulding County did not timely vote on the Plan. Therefore, it had not accepted the Plan, and it had not agreed to the payment of its claim without interest. At the hearing, counsel for the Debtor represented that the Class 4 claimant, Paulding County, Georgia, had submitted an acceptance of the Plan after the Debtor agreed that its Class 4 claim would be allowed in the amount of $67,453.59 (slightly more than the $ 67,000 amount stated in the Plan). Because Paulding County has accepted the Plan, it has agreed to the treatment of its tax claim. With that change, this provision of the Plan satisfies the requirements of § 1129(a).

**Class 6 – State of Georgia, Department of Revenue**

The Plan provides for quarterly payments to the State of Georgia for unpaid sales taxes. (Plan ¶ 4.6, [34] at 16). It does not expressly state that the tax claim must be paid within five

years from the petition date, and it does not expressly state that the Debtor will pay interest on the claim. The Plan, therefore, does not comply with § 1129(a)(9)(C).

At the confirmation hearing, the Debtor agreed that Georgia's tax claim would be paid with interest as applicable Georgia law requires, thus satisfying the requirements of § 511. Further, the Debtor agreed that, if any prepetition amount remains unpaid June 1, 2025 (five years after the filing of the petition), the remaining balance of such prepetition claim will be paid in full on that date. This treatment complies with § 1129(a)(9)(C).

**Class 8 – Equity Interests**

The Plan provides for the holders of the Debtor's equity interests to retain them and states conditions on making distributions to them on account of their equity interests. (Plan, first ¶ 4.8 [34] at 17). Because the conditions on the making of distributions to them appear to alter their legal, equitable, or contractual rights, the Plan impairs their interests. § 1124(1). Section 1129(a)(8) requires, "with respect to each class of claims *or interests,*" the class either accept the plan or not be impaired. Absent acceptance by the class of equity interests, the Plan does not meet this requirement.

The holders of equity interests participated in the confirmation hearing and through Debtor's counsel stated that they accepted the Plan. The requirement of § 1129(a)(8) with regard to Class 8, therefore, has been met.

**Class 9 – Claims of Ally Bank and U.S. Bank**

Class 9 deals with the claims of Ally Bank and U.S. Bank, each of which has a secured claim based on loans made for the purchase of vehicles owned by the Debtor. (Plan, second ¶ 4.8 [34] at 18). Because each creditor has specific rights in different collateral, the two claims

5

are not substantially similar and are not properly placed in the same class under § 1122(a). Ally Bank accepted the Plan, but U.S. Bank did not vote.

The treatment of these claims under the Plan is not clear. It states that the Debtor "shall pay these claims as Allowed Claims in the amount of any proof of claim filed, or as provided for in the Debtor's schedules if no claim is filed." It states that the contract rate of interest shall govern "if a proof of claim is filed; otherwise the rate is "4.5% annualized, with a secured claim to the extent of the value of the vehicle disclosed in the Debtor's schedules and an unsecured claim for the balance." It does not state what the amount of payments will be, the term over which they are payable, or when payments begin.

The provisions of the Plan for treatment of these claims do not meet the requirements of § 1129(a). Because of the improper classification, the Court cannot conclude that Class 9 has accepted the Plan; acceptance by Ally Bank cannot bind U.S. Bank, which does not have a substantially similar claim. In the absence of acceptance by U.S. Bank, the Plan as filed is not confirmable unless U.S. Bank is not impaired.

At the confirmation hearing, Debtor's counsel advised the Court that the intent of second ¶ 4.8 is for both creditors to be unimpaired. Specifically, counsel announced that the Debtor intended that Ally Bank and U.S. Bank will retain their liens upon their collateral and will be paid under the relevant contracts without alteration of their rights. Debtor reported, without contradiction, that the Debtor was current on payments under the Class 9 contracts. This Order provides for treatment of both claims as unimpaired in accordance with the Debtor's stipulation. Ally Bank and U.S. Bank are not impaired, therefore, and the acceptance of U.S. Bank is not required under § 1129(a)(8)(B).

## CONFIRMATION ORDER

In view of the modifications made by the Debtor to the Plan at the confirmation hearing, as discussed above and as set forth below, and with the acceptances of the Plan by Paulding County and the holders of equity interests, the Plan, as modified, complies with all of the applicable requirements of § 1129(a), and the Court will confirm it under § 1191(a).

It is, therefore, hereby **ORDERED** as follows:

1. The Plan, modified as set forth below, complies with all of the applicable requirements of § 1129(a) and, therefore, is hereby **CONFIRMED** under § 1191(a).

2. Notwithstanding anything to the contrary in the Plan, the following provisions shall apply with regard to the terms of the Plan and the treatment of certain claims. The Debtor agreed to these provisions as a preconfirmation modification of the Plan.

(a) Notwithstanding paragraph 7.3 or any other provision of the Plan, the Debtor waives the right to prosecute any Avoidance Actions (as defined in the Plan) and will not retain them.

(b) Notwithstanding the provisions of second ¶ 4.8 or any other provision of the Plan, the Class 9 claimants, Ally Bank and U.S. Bank, shall retain all of their legal, equitable, and contractual rights and are not impaired. Without limiting the generality of the foregoing, Ally Bank and U.S. Bank shall retain their respective liens upon their respective collateral and will be paid under the relevant contracts without alteration of their legal, contractual, or equitable rights.

(c) The Class 6 claim of the Georgia Department of Revenue shall be paid under the terms of the Amended Plan, with the following modifications:

(1) The Class 6 claim shall be entitled to interest as provided for under Georgia law.

(2) On or before June 1, 2025, the entire unpaid amount of the claim, if any, shall be paid in

full.

(d)  The Class 4 claim of the Paulding County Tax Commissioner shall be established and allowed in the amount of $67,453.59 and shall be paid in full pursuant to the terms of the Plan.

The Clerk is directed to mail copies of this Order to the persons on the attached Distribution List.

Counsel for the Debtor is directed to mail copies of this Order to all other parties in interest within two business days of the date of its entry and to certify such service to the Court.

**[End of Order]**

**This Order has not been prepared for publication and is not intended for publication.**

DISTRIBUTION LIST

Todd E. Hennings
Macey, Wilensky & Hennings, LLP
5500 Interstate North Parkway
Suite 435
Atlanta, GA 30328

John T. Whaley
Chapter 11 Subchapter V Trustee
P.O. Box 76362
Atlanta, GA 30358

Thomas W. Dworschak
United States Department of Justice
Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia  30303